{¶ 38} I concur in the majority's analysis and disposition of appellant's second assignment of error. I further concur in the majority's disposition of appellant's first assignment of error. However, I am not yet convinced R.C. 4511.19(A)(1) is a strict liability offense.[1] I suggest the requisite culpable mental state may be recklessness pursuant to R.C. 2901.21(B). Though the overall design of R.C. 4511.19 is to protect the public from the dangers posed by drunk drivers, such does not necessarily mean the chosen statutory language plainly indicates a purpose to impose strict liability. Few, if any, criminal or traffic offenses are not designed to protect the public.
 {¶ 39} Nevertheless, I find the present case does not require a definite answer to this question. Even if the requisite mental state is recklessness, the evidence supports a finding of recklessness under its definition contained in R.C. 2901.22(C).
 {¶ 40} Appellant's argument is premised upon the State's assertion in closing argument R.C. 4511.19(A)(1) is a strict liability offense in relation to drugs of abuse. Appellant argues "The Court presumably
accepted the state's incorrect standard as evidenced by Judge Martin's statement in his ruling . . . `Uh, contrary to what's been argued, a drug of abuse doesn't necessarily mean either an illegal drug or that the person was . . . intending to abuse the drug.'" (Appellant's Brief at 2-3, citing Tr. at 105, emphasis added). I do not presume the trial court found R.C. 4511.19(A)(1) is a strict liability offense based solely upon this statement. Rather, I find it simply means the trial court believes one does not have to intend to abuse a drug in order for it to be considered a drug of abuse. I agree with the trial court statement. Contrary to appellant's assertion, this statement does not affirmatively demonstrate the trial court found R.C. 4511.19(A)(1) is a strict liability offense.
[1] The majority's reliance on State v. Myers (Oct. 18, 1999), Stark App. No. 1999CA00024, unreported, is misplaced. Myers involved analysis of R.C. 4511.19(A)(3), not R.C. 4511.19(A)(1).